UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBERT ARTHUR: ROBERTS,

Petitioner,

v.

STATE OF MINNESOTA, WARREN E. LITYNSKI, PAUL TANIS, JR., LARRY FRANCIS, and several John Does,

Respondents.

Civil No. 00-1726 (DSD/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner's self-styled petition provides very little information about the events that have caused him to seek federal habeas corpus relief. As far as the Court can tell, Petitioner is attempting to challenge certain state criminal charges that were pending against him when he commenced this action on July 21, 2000. He claims that he "is being restrained and deprived from claiming a civil right in administrative action by the STATE

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED AUG 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

OF MINNESOTA, and, the FIFTH DISTRICT COURT, for the STATE OF MINNESOTA." More specifically, he claims that he is being deprived of his "white citizen right to a trial by certificate."

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Moreover, federal habeas corpus relief is available only for persons who are "in custody" as of the date when such relief is requested. Id. at 490-91 ("[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

Here, there is no indication that Petitioner was in custody when he started this action. To the contrary, there is every indication that Petitioner was not in custody when he filed his petition.[2] Thus, the Court concludes that the instant petition cannot be entertained, and that it must be summarily dismissed. Because the merits of the petition have not been reached, the Court will recommend that the petition be dismissed without prejudice.[3]

---

[2] The Court specifically notes that (1) both the civil cover sheet and the petition itself show that Petitioner was residing in Sleepy Eye, Minnesota, when he filed this action, and (2) the petition expressly states "no sentence yet."

[3] The Court notes, however, that even if Petitioner hereafter satisfies the "in custody" requirement, he will have to satisfy several additional conditions to be eligible for federal habeas corpus relief. First, he will have to present his claims on the habeas corpus form prescribed for use in this District. See Rule 2(c) of the Rules Governing Section 2254

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's "Petitioner for Writ of Habeas Corpus," (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

Dated: August 4, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before August 18, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

Cases In The United States District Courts; Local Rule 9.3. Second, he will have to demonstrate that he has exhausted all available state court remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999). Third, he will have to show that his claims are based on some alleged violation of his federal constitutional rights. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Petitioner's only current claim – that he was deprived of his "white citizen right to a trial by certificate" – is grounded on "Blackstones Commentaries," not the U.S. Constitution.